# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PILLEY DOE,
                    Appellant,

            v.

DEPARTMENT OF HEALTH AND
      HUMAN SERVICES,
                    Agency.

DOCKET NUMBER
DC-0752-18-0381-I-1

DATE:  May 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Pilley Doe</u>, Cheverly, Maryland, pro se.

<u>Nekeisha Campbell</u>, Esquire, and <u>Susan M. Andorfer</u>, Esquire,
     Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal pursuant to 5 U.S.C. chapter 75 for:  (1) failure to maintain the professional licensure required to perform the duties of her position; and (2) violation of agency nursing practice standards.  Initial Appeal File (IAF),

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Tab 1 at 7-17, 128-47, Tab 6 at 12-13, 15-23, 39-49. On petition for review, the appellant concedes that the agency proved both charges, but contends that her removal was an excessive penalty. Petition for Review (PFR) File, Tabs 7, 10. To this end, she avers the following: (1) the agency deciding official failed to independently analyze all of the *Douglas* factors and the administrative judge erroneously deferred to her penalty determination; (2) the agency failed to follow its own penalty guidelines; (3) the agency violated her due process rights by failing to timely provide her with information related to a similarly situated employee; and (4) the agency discriminated against her on the basis of her race by treating this similarly situated employee more favorably. PFR File, Tabs 7, 10. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the analysis applicable to the appellant's claim of disparate penalties, we AFFIRM the initial decision.

When the agency's charges are sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised discretion within tolerable limits of reasonableness. *Stuhlmacher v. U.S. Postal Service*, 89 M.S.P.R. 272, ¶ 20 (2001). Here, we find

unsubstantiated the appellant's assertion that the deciding official failed to independently analyze the relevant *Douglas* factors. PFR File, Tab 7 at 10; *see Kramer v. Veterans Administration*, 23 M.S.P.R. 271, 274 (1984) (finding that mere conclusory allegations of factual error are not sufficient to trigger a complete review of the record), *aff'd*, 776 F.2d 1061 (Fed. Cir. 1985) (Table). We further find that the administrative judge applied the proper legal standard and reasonably concluded that the agency's selected penalty of removal was not unwarranted under the circumstances and was within the tolerable bounds of reasonableness. IAF, Tab 19, Initial Decision (ID) at 11-12, 14; *see Stuhlmacher*, 89 M.S.P.R. 272, ¶ 20.

The appellant also argues that the agency violated its own "Table of Offenses and Penalties." PFR File, Tab 7 at 11, 21, 27, 30, 34. To support this contention, the appellant provides, for the first time, a document that she alleges is a copy of the agency's table of offenses and penalties. *Id*. at 43-53.[2] However, she presents no evidence or argument to suggest that this document was unavailable prior to close of the record. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).[3]

Last, we decline to consider the appellant's due process and race discrimination claims because she has not shown that these claims are based on new and material evidence that previously was unavailable to her despite due

---

[2] In its response, the agency avers that the subject document is not an accurate copy of its table of penalties. PFR File, Tab 9 at 5 n.1. The document, which contains several references to 43 C.F.R. part 20, seemingly summarizes internal policies of the Department of the Interior; thus, the document is immaterial to this case. PFR File, Tab 7 at 43-53.

[3] The appellant also provides, for the first time, handwritten notes purportedly taken by an employee relations specialist, a written reprimand issued to another nurse, a document purporting to constitute internal agency policy, and an email referencing the same. PFR File, Tab 7 at 39-41, 56-57, 59-61. Again, the appellant has not shown these additional documents were unavailable prior to the close of the record. *See Avansino*, 3 M.S.P.R. at 214; 5 C.F.R. § 1201.115(d).

diligence.[4]  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); 5 C.F.R. § 1201.24(b) (requiring an appellant to show good cause for raising claims or defenses for the first time after the conference defining the issues in the case). However, because the consistency of the appellant's penalty with those imposed upon other employees is one of the *Douglas* factors to be considered in determining the reasonableness of an agency-imposed penalty, we will treat the appellant's allegations in this regard as claims that her penalty was disproportionately harsh as compared to a similarly situated employee.  *See Vargas v. U.S. Postal Service*, 83 M.S.P.R. 695, ¶ 9 (1999) (explaining that an appellant's allegation that the agency treated her more harshly than another employee, without a claim of prohibited discrimination, is an allegation of disparate penalties to be proven by the appellant and considered by the Board in determining the reasonableness of the penalty, but it is not an affirmative defense); *see also Jordan v. Office of Personnel Management*, 108 M.S.P.R. 119, ¶ 19 (2008) (explaining that the Board construes pro se pleadings liberally).

After the initial decision in this case, the Board overruled some of its recent precedent governing the analysis of disparate penalties claims.  In *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 9, 11-12, the Board held that it should not weigh the relative seriousness of various offenses to determine if the agency treated employees who committed different acts of misconduct differently; rather, the universe of potential comparators should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant.

---

[4] To the extent the appellant alleges on review that the agency failed to provide her with comparator information in discovery, PFR File, Tab 10 at 10-11, we find that she did not raise this issue before the administrative judge; accordingly, she is precluded from raising this issue for the first time on review.  *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006); *see also* 5 C.F.R. § 1201.73(c).

*Id.*, ¶¶ 13, 17 (overruling *Portner v. Department of Justice*, 119 M.S.P.R. 365 (2013), and *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640 (2012)).

Here, we discern no basis to disrupt the administrative judge's finding that the agency weighed all relevant factors and reasonably concluded that removal was appropriate under the circumstances. ID at 14; *see Stuhlmacher*, 89 M.S.P.R. 272, ¶ 20. To this end, we find that the appellant failed to identify a valid comparator because, as noted by the administrative judge, the other agency nurse began the license renewal process before her license expired and did not engage in any patient care or sign any records during her 1-day lapse in licensure. ID at 14; *see Singh*, 2022 MSPB 15, ¶ 17 (observing that the Board should not attempt to weigh the relative seriousness of various offenses in order to determine whether two employees who committed different acts of misconduct were treated disparately). The appellant, by contrast, both had patient contact and signed patient forms as a registered nurse during her 6-month lapse in licensure. IAF, Tab 1 at 64-76, Tab 7 at 30-42. Therefore, we find that the appellant was not similarly situated to this individual for purposes of the penalty analysis.

Accordingly, we affirm the agency's removal action.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** <u>**Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**</u>.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

FOR THE BOARD:              _____
                           Gina K. Grippando
                           Clerk of the Board

Washington, D.C.